The opinion of the Court was delivered by
O’Neall, J.
The first ground of appeal cannot be sustained : Eor there was proof both of misrepresentation in the sale of the land, and also that the defendant knew it. This constituted enough to maintain the allegation of deceit. To say there was opposing proof is no reason why this Court should interfere. It belonged to the jury to' weigh the evidence, and according to their judgment of the preponderance, to decide.
The second ground was not brought to my notice at the trial. The whole case was argued on the question of deceit.
I think, if it had been put to the jury as a mere question of damages from the deceit without any measure to ascertain them, and they had found as they did, that the verdict might have been sustained. But without adverting to Ward vs. Revel, 3, Rich. 427, I directed them to allow a pro rata for the whole land not covered by Walker’s title. This, according to that case was wrong; and all which the plaintiff ought to have recovered was for the ten acres covered by an adverse title, the Pan ton grant, and the cost of the new grant obtained by the plaintiff. This was stated by the defendant’s counsel to be ten dollars. The pro rata of the consideration for the land (ten acres) covered by the adverse title (the Panton grant) is nineteen dollars and seventy-five cents. *140 Having thus the means of correcting the verdict and doing justice between the parties, we will pursue that course.
A new trial is, therefore, granted, unless the plaintiff shall, within sixty days after notice of this order, enter upon the record a remittitur of so much of the verdict as shall exceed twenty-nine dollars and seventy-five cents.
Wardlaw, Glover, and Munro, JJ., concurred.

Motion granted nisi.